**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIRST</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>OKALOOSA</u>  COUNTY, FLORIDA

<u>SHARON S. THOEMKE</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>STEPHEN KENNEDY, TARGET CORPORATION d/b/a TARGET CORP STORE #740</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

EXHIBIT A

Filing # 131326185 E-Filed 07/23/2021 04:39:32 PM

# FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FIRST</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>OKALOOSA</u>  COUNTY, FLORIDA

<u>SHARON S. THOEMKE</u>
Plaintiff

Case # _____

Judge _____

vs.
<u>STEPHEN KENNEDY, TARGET CORPORATION d/b/a TARGET CORP STORE #740</u>
Defendant

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

## III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**      **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**      **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   2

**VI.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**      **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jonathan David Simpson</u>      Fla. Bar # <u>868981</u>
       Attorney or party             (Bar # if attorney)

<u>Jonathan David Simpson</u>         <u>07/23/2021</u>
  (type or print name)              Date

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

SHARON S. THOEMKE,

     Plaintiff,

vs.                                        Case No.:     2021 CA 002326 F

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY,

     Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, SHARON S. THOEMKE ("Plaintiff") by and through her undersigned attorney, and sues the Defendants TARGET CORPORATION, d/b/a TARGET STORE NUMBER 740 ("TARGET"), and STEPHEN KENNEDY ("KENNEDY") for personal injury and damages, and alleges:

## JURISDICTIONAL ALLEGATIONS

1.     This is an action for damages in excess of $30,000.00 exclusive of attorney's fees and costs.

2.     At all times material herein, Defendant TARGET was a foreign for-profit corporation which is and was, at all times material hereto, licensed to and was engaged in business in the State of Florida, regularly conducting continuous and systematic business in Okaloosa County, Florida with agents located and doing business in Okaloosa County, Florida

3.     On or about October 26, 2020, Defendant KENNEDY was either (i) a resident of the State of Florida, but has since become a nonresident, or is concealing his whereabouts, or, in the alternative, (ii) was a nonresident of the State of Florida.

1

4.     Jurisdiction over Defendant KENNEDY and service of service of process over this Defendant is authorized by the Florida Long Arm Statute, Fla. Stat. §48.193(1), as the causes of action sued on in this Complaint arose in connection with the Defendant KENNEDY committing a tortious act within this State, to wit: ownership and/or management of Subject property in a negligent manner in Okaloosa County, Florida.

5.     Jurisdiction over the Defendant KENNEDY, and service of process on this defendant is authorized by Fla. Stat. §48.171 as this Defendant was involved in the subject slip and fall accident while owning and/or managing property within the State of Florida, thus, under Fla. Stat. §48.171, substituted service on the Secretary of State is authorized, if necessary.

6.     Venue is proper in Okaloosa County because: (i) the conduct from which this cause of action arises occurred in this county; (ii) pursuant to Florida Statute §47.051, Defendant TARGET engaged in business in the State of Florida and has agents and/or other representatives who are located in Okaloosa County, Florida and who are actively engaged in business in Okaloosa County, Florida; and (iii) Defendant KENNEDY is a resident of Okaloosa County.

## FACTUAL ALLEGATIONS

7.     At all times material hereto, Defendant TARGET, owned, leased, operated, controlled, maintained, and managed Target Corporation Store #740 located at 250 Miracle Strip Parkway, Mary Esther, FL 32569. Target Corporation Store #740 is hereinafter referred to as the "Subject Property".

8.     On or about October 26, 2020, the Defendant TARGET, by and through their servants, agents, employees and independent contractors, owned, operated, inspected,

2

controlled, maintained and managed the Subject Property for use as a retail store business open to the general public and its business invitees.

9.      On or about October 26, 2020, Defendant KENNEDY was the general store manager of the Subject Property and was acting in the course and scope of his employment with Defendant TARGET.

10.     On or about October 26, 2020, Plaintiff was involved in a serious injury-causing accident on the Subject Property while Plaintiff was walking across the parking lot to her vehicle and tripped on an uneven and unmarked section of the pavement in a handicapped parking space ("Incident Area"), causing her to fall and sustain damages.

11.     The uneven and unmarked section of the pavement in the parking lot created a dangerous and unsafe hazard for customers on the Subject Property, including Plaintiff.

## COUNT I – NEGLIGENCE OF DEFENDANT TARGET

Count I of this Complaint is a cause of action by Plaintiff against Defendant TARGET for negligence under Florida law. The Plaintiff incorporates by reference all of the general allegations contained in Paragraphs 1 through 11 of this Complaint, as though fully set forth herein.

12.     At all times relevant to this Complaint, Defendant TARGET, by and through its agents, employees and independent contractors, had a duty under Florida law to guests and business invitees of the Subject Property, including Plaintiff, to exercise reasonable care to (i) maintain and repair the Subject Property in a reasonable safe condition; (ii) inspect the Subject Property and take reasonable action to reduce, minimize, or eliminate foreseeable risks before they developed into dangerous conditions; (iii) recruit, hire, select, instruct, train, employ, supervise and retain servants, agents, employees and

independent contractors who did perform inspection,, repair, and maintenance services of the Subject Property during the scope of their employment; and (iv) warn of any dangerous or unsafe conditions with using the Subject Property that were known or should have been known through the exercise of due care.

13.     At all times relevant to this Complaint, Defendant TARGET acted negligently by failing to properly perform the duties referenced in Paragraph 12 above, such that Incident Area was not well maintained by employees of Defendant TARGET, creating a foreseeable risk to guests and business invitees, including Plaintiff, resulting in the accident described in Paragraph 10 above.

14.     At all times mentioned in this Complaint, the servants, agents, employees and independent contractors of the Defendant TARGET, were acting within the course and scope of their employment.

15.     At all times mentioned in this Complaint, Defendant TARGET is and was vicariously and/or derivatively responsible for the acts, omissions, conduct, and negligence of its servants, agents, employees and independent contractors which, at all material times hereto, occurred during the course and scope of their employment.

16.     As a direct and proximate legal result of the negligence by Defendant TARGET, by and through its servants, agents, employees and independent contractors for which Defendant TARGET is an was vicariously and/or derivatively liable, the Plaintiff suffered (i) bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, aggravation of pre-existing condition, mental anguish, loss of capacity for the enjoyment of life, (ii) expenses of hospitalization, surgery, medical care and treatment, and rehabilitative treatment, and

(iii) past lost wages, loss of future earnings, and loss of ability to earn money. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff SHARON S. THOEMKE demands judgment for damages against the Defendant TARGET, costs and attorneys' fees as permitted under Florida law, and hereby demands a Trial by Jury on all issues.

## COUNT II – NEGLIGENCE OF DEFENDANT KENNEDY

Count II of this Complaint is a cause of action by Plaintiff against Defendant KENNEDY for negligence under Florida law. The Plaintiff incorporates by this reference all of the allegations contained in Paragraphs 1 through 11 of this Complaint, as though fully set forth herein.

17.     At all times relevant to this Complaint, Defendant KENNEDY had the personal and individual right and responsibility to control access to the Subject Property and Incident Area by third parties, including the Plaintiff.

18.     At all times relevant to this Complaint, Defendant KENNEDY, had a duty under Florida law to guests and business invitees of the Subject Property, including Plaintiff, to exercise reasonable care in the course of his personal and individual employment responsibilities as the store manager that could cause foreseeable harm, which included the responsibilities to (i) personally and individually control and maintain the Incident Area in a reasonable safe condition; (ii) personally and individually inspect Incident Area and take reasonable action to reduce, minimize, or eliminate foreseeable risks before they developed into dangerous conditions; and (iii) personally and individually warn of any dangerous or unsafe conditions with walking through the Incident Area that

were personally and individually known to Defendant Kennedy or should have been known to him through the exercise of due care.

19.     At all times relevant to this Complaint, Defendant KENNEDY breached his legal duty under Florida law to Plaintiff and acted negligently by failing to properly perform his personal and individual employment responsibilities as the store manager in the manners referenced in Paragraph 18 above, such that the Incident Area was allowed to exist in a dangerous and unsafe condition for Plaintiff, resulting in the accident described in Paragraph 10 above.

20.     As a proximate and legal cause and result of such negligence by Defendant KENNEDY, the Plaintiff suffered (i) bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, aggravation of pre-existing condition, mental anguish, loss of capacity for the enjoyment of life, (ii) expenses of hospitalization, surgery, medical care and treatment, and rehabilitative treatment, and (iii) past lost wages, loss of future earnings, and loss of ability to earn money. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff SHARON S. THOEMKE demands judgment for damages against Defendant STEPHEN KENNEDY, including taxable costs and attorney's fees where permitted under Florida law, and hereby demands a Jury Trial on all issues.

6

## PLAINTIFF(S) FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT(S)

Pursuant to Fla R. Civ. P. 1.280, 1.340 and 1.350, the Plaintiff, requests that each

Defendant, within forty-five (45) days from the date of service of this request, respond to

the First Set of Interrogatories and Request for Production of Documents and Things, as

set forth on **Schedule "1"** attached to this Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July, 2021, a true and correct copy
of the foregoing was filed electronically with the Clerk of Court using the Florida Courts
E-Filing Portal.

> */s/ Jonathan D. Simpson*
> Jonathan D. Simpson
> Florida Bar No. 0868981
> SIMPSON LAW FIRM
> 1048 Mar Walt Drive
> Fort Walton Beach, FL 32547
> (850) 863-7777 Phone
> (850) 862-7617 Fax
> primary: jd@simpsoninjurylaw.com
> secondary: SLF-Team1@simpsoninjurylaw.com
> Attorneys for Plaintiff

# SCHEDULE "1",

## PLAINTIFF(S) FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT(S)

## I.     INSTRUCTIONS

1.     Unless otherwise indicated, this First Set of Interrogatories and Request for Production of Documents and Things concerns and relates to the subject collision which is described in Plaintiff's Complaint.

2.     It is requested that all answers, documents, or other items produced in response to this First Set of Interrogatories and Request for Production of Documents and Things be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

3.     As may be used in this First Set of Interrogatories and Request for Production of Documents and Things, "and" is conjunctive (meaning, *e.g.,* A and B); and "or" is disjunctive and inclusive (meaning, *e.g.,* A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

4.     The scope of this First Set of Interrogatories and Request for Production of Documents and Things are not intended to seek attorney/client privileged communications or "opinion" work product in the form of counsel's mental impressions, conclusions, opinions, or legal theories concerning this case.

5.     If an answer or the production of any document is withheld pursuant to a claim of a privilege, in lieu of production, provide a privilege log as authorized by Fla. R. Civ. P. 1.280(b)(5), including the following identifying information on each such document; (a) title; (b) date; (c) author; (d) addressee; (e) all copy addresses; (f) a brief description of the document with sufficient specificity to reveal its subject matter, the form of the document and any attachments; (g) the present location of the document, (h) the identity of the person or persons who have custody, control, or possession of the document; and (i) a statement of the basis on which the privilege is claimed.

6.     As to each Interrogatory herein, in responding, the responding party should either expressly (i) answer the interrogatory or (ii) state that the answer being provided is only in response to that portion of the interrogatory for which no objection has been asserted.

7.     As to each Interrogatory herein, in formulating responses, a party is charged with the knowledge of that party's agents as well as information given to the party by others on which the party intends to rely in the action. A party must also disclose facts in the

---

1 Last Updated: 2/1/2021 (JDS)

possession of the party's attorney, even if those facts have not been transmitted to the party previously. 8A Wright, Miller & Marcus, supra, § 2177. See also § 16.3.B.1.

8.      As to each Interrogatory herein, each interrogatory must be answered separately and fully. Fla.R.Civ.P. 1.340(a). All answers must be in writing under oath and signed by the party giving the answers. Id. An answer ... must be complete in itself and should not refer to other pleadings or documents or affidavits" in an attempt to incorporate their contents. State Road Dept. v. Florida East Coast Railway Co., 212 So.2d 315, 317 (Fla. 3d DCA 1968); see also Summit Chase Condominium Ass'n, Inc. v. Protean Investors, Inc., 421 So.2d 562 (Fla. 3d DCA 1982). Incorporation by reference of unattached documents is not permitted because the rule requires that all answers be sworn to by the party making them.

9.      As to each Request for Production of Documents and Things herein, in responding, the responding party should either state that (i) all requested documents are being produced or (ii) the only documents being produced are those to which any stated objection does not apply.

10.     As to each Request for Production of Documents and Things herein, the request includes any documents or things within the possession, custody, or control of you or your respective attorneys, agents, personal representatives, and investigators. The concept of "control" has generally been held to mean the legal right to obtain the requested documents. Parties thus can be requested to produce documents in the hands of their attorney, insurer, or subsidiary, or another person outside the jurisdiction of the court. 8A Wright, Miller & Marcus, § 2210. "Control" under the rule is not equated with "possession." Trawick, § 16:11.

11.     As to each Request for Production of Documents and Things herein, production of the original is required. However, if the original is not available, a duplicate of the exact instrument is sufficient.

12.     As to each Request for Production of Documents and Things herein, to the extent that a request calls to produce multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

13.     As to each Request for Production of Documents and Things herein, if you maintain that any document or record referred to herein has been lost, misplaced or destroyed, set forth the contents of said document, a description of said document, the location of any copies of said document, the date of such loss or destruction and, if the document was destroyed, the name of the person who operated or authorized said destruction.

14.     Boilerplate objections and generalized responses are improper. See Alhassid v. Bank of America, 2015 WL 1120273, at *2 (S.D. Fla. March 12, 2015). Objections which fail to

2

sufficiently specify the grounds on which they are based are improper and without merit. See, e.g., <u>Taylor v. Bradshaw</u>, 2014 WL 6459978 (S.D. Fla. Nov. 14, 2014). Objections simply stating that a request is "overly broad, or unduly burdensome" are meaningless and without merit. <u>Guzman v. Irmadan, Inc.</u>, 249 F.R.D. 399, 400 (S.D. Fla. 2008)).

15.   Notice is hereby given that any boilerplate objections which state that "*notwithstanding the above, the party will respond to the discovery request, subject to or without waiving the objection*" will be brought to the Court by way of a Motion to Compel a better response, unless otherwise resolved between the parties. Such responses/objections are improper, preserve nothing and waste the time and resources of the parties and the court. Further, this practice leaves the requesting party uncertain as to whether the opposing party has fully answered its request. See <u>Martin v. Zale Del. Inc.</u>, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *2 (M.D. Fla. Dec. 15, 2008) (citation omitted) (citing ABA CIVIL DISCOVERY STANDARDS 12 cmt. at 24 (2004), available at <u>http://www.abanet.org/litigation/discoverystandards/2004civildiscovery   standards.pdf</u>). See also <u>Myers v. Goldco, Inc.</u>, No. 4:08cv8-RH/WCS, 2008 WL 1995131, at *1 (N.D. Fla. May 6, 2008).

## II.   DEFINITIONS

As used throughout this First Set of Interrogatories and Request for Production of Documents and Things, (i) terms not specifically defined hereinbelow shall be interpreted and have the definition contained within an ordinary Webster's Dictionary, and (ii) the following specific terms shall be interpreted and defined as follows:

1.   "You" and "Your" refers to each defendant specifically named or identified in the Complaint and their respective attorneys, agents, personal representatives and investigators.

2.   "Subject Collision" or "incident" refers to the motor vehicle collision as more fully described in the Complaint.

3.   "Document" is used in the broad sense and means any written or printed instrument, including electronic versions of the instrument that conveys information.

4.   "Document" also includes electronically stored information, writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form, that constitute or contain matters within the scope of Rule l.280(b) and that are in the possession, custody, or control of the party to whom the request is directed.

5.   "Document" also includes all additional information, such as annotations, notes, computations, attachments, etc., *in addition to that contained on the original document.*

3

6.    "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

7.    "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

8.    "Statement" means (1) any written statement made by any person and signed or otherwise adopted or approved by him or her; or (2) any stenographic, mechanical, electronic, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

A.    <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT(S)</u>

Pursuant to Fla R. Civ. P. 1.280 and 1.340, the Plaintiff, requests that the Defendant(s), within forty-five (45) days from the date of service of this request with Plaintiff's Complaint, answer under oath and in writing, to the office of the undersigned attorney, the following Interrogatories based upon information in Defendant(s) possession, custody, or control:

**<u>Supreme Court Approved Interrogatories Permitted Under Rule 1.340</u>:**

1.    What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.    List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, and your date of birth.

3.    Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

4.   Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

5.   Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

6.   Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

7.   Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

8.   Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

9.   List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

10.  State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, audio recording, visual recording, audiovisual recording, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

11.  Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

5

12.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

13.     Do you wear glasses, contact lenses, or hearing aids? If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?

14.     Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?

15.     Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

16.     Did any mechanical defect in the motor vehicle in which you were riding at the time of the incident described in the complaint contribute to the incident? If so, describe the nature of the defect and how it contributed to the incident.

17.     List the name and address of all persons, corporations, or entities who were registered title owners or who had ownership interest in, or right to control, the motor vehicle that the defendant driver was driving at the time of the incident described in the complaint; and describe both the nature of the ownership interest or right to control the vehicle, and the vehicle itself, including the make, model, year, and vehicle identification number.

18.     At the time of the incident described in the complaint, did the driver of the vehicle described in your answer to the preceding interrogatory have permission to drive the vehicle? If so, state the names and addresses of all persons who have such permission.

19.     At the time of the incident described in the complaint, was the defendant driver engaged in any mission or activity for any other person or entity, including any employer? If so, state the name and address of that person or entity and the nature of the mission or activity.

20.     Was the motor vehicle that the defendant driver was driving at the time of the incident described in the complaint damaged in the incident, and, if so, what was the cost to repair the damage?

**Additional Interrogatories Permitted Under Rule 1.340**:

21.     For each denial asserted and each affirmative defense raised in your Answer (i) provide a detailed factual and legal basis that supports each such denial and each defense (ii) identify, including last known address and telephone number, any and all persons that you believe

may possess knowledge that supports each such denial and each defense, (iii) identify any and all persons that you believe may be in possession, custody or control of any photographs, videos, documents, or other tangible evidence, including electronic information, that support each such denial and each defense.

22.     Identify the name and address of every person known to you, your agents, or your attorneys who had any conversations or gave any statements after the subject collision described in the Complaint, including but not limited to the following:

(a)     the Plaintiff;
(b)     Any defendant to the present lawsuit, including yourself;
(c)     Any passengers, or persons involved in the subject collision;
(d)     Any witness to the subject collision;
(e)     Any person present at the accident scene.

For each person identified above, state the following: the date or dates of such conversations and/or statements; the place of such conversations and/or statements; all persons present for the conversations and/or statements; the matters and things stated by the person in the conversations and/or statements; whether the conversation was oral, written and/or recorded; and who has possession of the statement if written and/or recorded.

23.     Have you ever had your driver's license suspended or revoked? If so, state whether it was suspended or revoked, the date it was suspended or revoked, the reason for the suspension or revocation, the period of time for which it was suspended or revoked, and the state that issued the license.

24.     Identify all citations and/or violations of the motor vehicle laws of the State of Florida or any other jurisdiction with which you have been charged since you obtained your driver's license, indicating the approximate date, the location, the specific charge, and the disposition.

25.     Identify all prior motor vehicle collisions or accidents in which you have been involved, either with other persons or with property, prior to and after the subject collision described in the Complaint. Include the name of any other driver or property owner involved, the location of the collision, the date and time of the collision, whether you were issued any citations, and whether or not a claim arose out of the subject collision.

26.     State whether you were under the care of a physician at the time of the subject collision. If so, state the name and address of your physician, specify the illness or condition for which you were treated, and list any prescribed medication.

27.     Do you have any medical and/or physical condition which required a physician's report and/or letter of approval in order to drive? If so, state the nature of the medical and/or

7

physical condition, the physician or other health care professional who issued the letter and/or report, and the names and addresses of any physician or other health care professional who treated you for this condition prior to the occurrence.

28.     Identify the names and business addresses of each physician who has treated or examined you, including mental health providers, and each medical facility where you have received any treatment or examination, including mental health care, for any injuries sustained in connection with the subject collision which is the subject of Plaintiff's complaint, and state as to each the date of treatment or examination and the injury or condition for which you were treated or examined.

29.     Did you own or have use of a cellular phone or mobile plan at the time of the subject collision subject?   If so, state:
   (a) whether you had the cellular or mobile phone with you at the time of the subject collision;
   (b) whether you were talking, texting, dialing, attempting to answer, or in any other way using the cellular or mobile phone at the time of the subject collision;
   (c) the make, model, and serial number of the cellular or mobile phone;
   (d) the name, address, and phone number of the cellular or mobile phone service provider, the name of the account holder (owner), and the cellular numbers and names of all users on the account; and
   (e) whether you still have that cellular or mobile phone in your possession.

30.     As to each individual Interrogatory requested herein, identify any document, directly or indirectly, relating to the subject of inquiry for which you used to formulate a response.

   B.  **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT(S)**

       Pursuant to Fla R. Civ. P. 1.280 and 1.351, the Plaintiff, requests that the Defendant(s),

within forty-five (45) days from the date of service of this request with Plaintiff's Complaint,

produce for inspection and/or copying, to the office of the undersigned attorney, the following

documents and things in Defendant(s) possession, custody, or control:

1.     All insurance policies in their entirety and their declaration pages which reflect liability coverage available to the Defendant at the time of the subject collision, including but not limited to the following:

       a.      the automobile insurance policy for the motor vehicle involved in the subject collision.
       b.      the automobile insurance policy for any other motor vehicles in which you were a

named insured on the date of the subject collision.

    c.    all excess, supplemental, business and umbrella policies.

2.    Original counterparts, in color, of all photographs, videotapes, drawings, measurements, or other documentary evidence with respect to the following:

    a.    the road, surroundings, or general area where the subject collision happened, which depict any physical evidence pertaining to the subject collision

    b.    anything or anyone at the scene of the subject collision.

    c.    any person depicting injuries sustained in the subject collision.

    d.    any vehicle at the scene of the subject collision.

    e.    property damage sustained by any vehicle involved in the subject collision.

3.    All documents prepared by anyone as a result of tests, inspections or measurements made or taken with respect to the scene of the subject collision.

4.    All repair estimates, appraisals, invoices, statements, check stubs and receipts pertaining to the repair of any vehicle involved in the subject collision.

5.    All maintenance records pertaining to the vehicle driven by the defendant driver at the time of the subject collision for the two years prior to the subject collision.

6.    All inspection sheets or records for mechanical or safety inspections of the vehicle you were operating at the time of the subject collision or six months prior.

7.    Except that which may be outside the purview of privilege, all documents memorializing any statement (whether recorded, written, or transcribed) by and person describing any of the events or happenings involved in the subject collision, including but not limited to the following:

    a.    Any statement made by Plaintiff, or any of Plaintiff's agents or employees.

    b.    Any statement involving conversations between the Plaintiff and the Defendants or their agents or employees.

    c.    Any statement made by any witness or person who was present at the scene.

    d.    Any statement made by any person involved in the subject collision.

    e.    Any statement made by any of the parties to this suit.

8.    Any recording, transcription and any other tangible evidence containing or describing any of the events or happenings involved in the subject collision.

9.    Every driver's license issued to the defendant driver on the date of the subject collision, and any licenses issued thereafter through the present time and any and all amendments, renewals, or restrictions.

10.     The certificate of title, registration and any other documents evidencing ownership of the motor vehicle driven by the defendant driver at the time of the subject collision.

11.     Any video or other recording of the plaintiff in this action.

12.     Any document reflecting payment of a fine, or a plea of guilty or nolo contendere to any traffic charge arising out of the subject collision.

13.     All tickets or citations received as a result of the subject collision by defendant, if any.

14.     Any document which provides the full account information, including the account number and address, of the cellular phone or mobile plan provider maintained by you at the time of the subject collision so that Plaintiff can issue a non-party subpoena for records in this case.   If no such document is in Defendant's possession, provide the requested information above.

15.     Any document which reflects the usage activity (including but not limited to incoming calls, outgoing calls, text messages, and any other form of data usage) of the cellular phone or mobile plan provider maintained by you at the time of the subject collision. This request is limited to 1 hour before and after the subject collision.

16.     Any document which reflects the usage activity (including but not limited to incoming calls, outgoing calls, text messages, and any other form of data usage) of the cellular phone or mobile plan provider maintained by you at the time of the subject collision. This request is limited to the moments immediately preceding and following the subject collision, including at the time of the subject collision itself.

17.     Any document which reflects the usage activity of any social media account, or other mobile application, maintained by you at the time of the subject collision. This request is limited to 1 hour before and after the subject collision.

18.     Any document which reflects the usage activity of any social media account, or other mobile application, maintained by you at the time of the subject collision. This request is limited to the moments immediately preceding and following the subject collision, including at the time of the subject collision itself.

19.     Any reports, studies, and commentaries, including factual observations and opinions, which have been prepared by your expert. If you contend any such document is privileged, identify the document (name the author and describe the document, i.e., medical report) and the privilege relied upon.

20.     All reports from any accident investigators or reconstruction experts or engineers

21.     Any incident reports, accident/crash reports or other reports in your possession relating to

10

any investigation made because of the subject collision described in Plaintiff's Complaint.

22.   Any medical or employment records you have obtained relating to the Plaintiff.

23.   Any electronic data or print out of any electronic data from any on board "black box" or other data storage or recovery system in the vehicle operated by Defendant at the time of the subject collision.

24.   Except that which may be outside the purview of privilege, any document or tangible thing in your possession, which tends to establish that you were not at fault for the subject collision.

25.   Except that which may be outside the purview of privilege, all documents which provide factual or legal support for each denial asserted and each affirmative defense raised in your Answer.

26.   All documents identified, directly or indirectly, in your answers to Interrogatories.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

SHARON S. THOEMKE,

     Plaintiff,

vs.                                      Case No.:  2021 CA 002326 F

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY,

     Defendants.

_____/

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

**SUMMONS**

GREETINGS:

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in the above-styled cause upon the defendant(s):

          **Stephen Kennedy**
          **Target Corporation Store #740**
          **250 Miracle Strip Parkway**
          **Mary Esther, FL 32569**

     Each defendant is hereby required to serve written defenses to said complaint or petition on plaintiff's attorney, whose name and address is:

          Jonathan D. Simpson, Esq.
          1048 Mar Walt Drive
          Fort Walton Beach, FL   32547
          Florida Bar No.: 0868981
          (850) 862-7617

within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiff's attorney or immediately thereafter.   If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     WITNESS my hand and the seal of said Court on this _____ 7/26/2021 _____.

                      CLERK OF CIRCUIT COURT

                      BY: _Krystina Morgan_____
                              Deputy Clerk

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.   Please contact:

          Court Administration, ADA Liaison
                  Okaloosa County
          1940 Lewis Turner Boulevard
            Fort Walton Beach, FL 32547
       Phone (850) 609-4700; Fax (850) 651-7725
           ADA.Okaloosa@flcourts1.gov

At least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled

appearance is less than 7 days; if you are hearing or voice impaired, call 711.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

SHARON S. THOEMKE,

     Plaintiff,

vs.                               Case No.:  **2021 CA 002326 F**

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY,

     Defendants.

_____/

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

### **SUMMONS**

GREETINGS:

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in the above-styled cause upon the defendant(s):

> **Target Corporation Store Number 740**
> **by and through Registered Agent**
> **CT Corporation System**
> **1200 S. Pine Island Road**
> **Plantation, FL 33324**

     Each defendant is hereby required to serve written defenses to said complaint or petition on plaintiff's attorney, whose name and address is:

> Jonathan D. Simpson, Esq.
> 1048 Mar Walt Drive
> Fort Walton Beach, FL   32547
> Florida Bar No.: 0868981
> (850) 862-7617

within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiff's attorney or immediately thereafter.   If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     WITNESS my hand and the seal of said Court on this _____7/26/2021_____.

                            CLERK OF CIRCUIT COURT

                            BY:_____

                                 Deputy Clerk

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact:

Court Administration, ADA Liaison
Okaloosa County
1940 Lewis Turner Boulevard
Fort Walton Beach, FL 32547
Phone (850) 609-4700; Fax (850) 651-7725
ADA.Okaloosa@flcourts1.gov

At least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

SHARON S. THOEMKE,

      Plaintiff,

vs.                                     Case No.:

TARGET CORPORATION
d/b/a TARGET CORPORATION STORE NUMBER 740,
and STEPHEN KENNEDY,

      Defendants.

_____/

### SITUS DESIGNATION FORM

    Pursuant to Administrative Directive No. 2012-04, I hereby certify the situs of this action to be:

(    )      (a)     Courthouse - Crestview Situs (North End) if:
                (1)    The cause of action accrued North of the situs line at Range Road 215 West and Range Road 213 East, or
                (2)    The cause of action did not accrue in Okaloosa County, but at the time the action is filed, all defendants/respondents reside in the North End.

(  **X**   )      (b)     Courthouse Annex Extension - Fort Walton Beach Situs (ASouth End@) if:
                (1)    The cause of action accrued South of the situs line at Range Road 215 West and Range Road 213 East, or
                (2)    The cause of action did not accrue in Okaloosa County, but at the time the action is filed, all defendants/respondents reside in the South End.

(    )      (c)     Either Courthouse (Crestview) or Courthouse Annex Extension (Fort Walton Beach) if:
                (1)    The cause of action did not accrue in Okaloosa County, and no defendants/respondents reside in Okaloosa County; or
                (2)    The cause of action did not accrue in Okaloosa County, and the defendants/respondents reside in both the North End and the South End of Okaloosa County.

                                      */s/ Jonathan D. Simpson*_____
                                        Jonathan D. Simpson
                                        Florida Bar No. 0868981
                                        SIMPSON LAW FIRM
                                        1048 Mar Walt Drive
                                        Fort Walton Beach, FL 32547
                                        (850) 863-7777 Phone
                                        (850) 862-7617 Fax
                                        primary: jd@simpsoninjurylaw.com
                                        secondary: SLF-Team1@simpsoninjurylaw.com
                                        Attorneys for Plaintiff

**Okaloosa Clerk of Circuit Court**

**Okaloosa County Receipt of Transaction**

**Receipt # 2021031635**

JD Peacock II
Clerk of Court
Okaloosa County, Florida

SIMPSON, JONATHAN D
1048 MAR WALT DRIVE
FT. WALTON BEACH, FL 32547

Customer Assisted by: kbrown
Cashiered by:  bakercash
On: 07/27/2021   8:13 am
Transaction # 1765337

CaseNumber  2021 CA 002326 F

Action:

Judge: GONTAREK, JOHN JAY

Received From: SIMPSON, JONATHAN D
1048 MAR WALT DRIVE
FT. WALTON BEACH, FL 32547

On Behalf Of: THOEMKE, SHARON S
1048 MAR WALT DRIVE
FT. WALTON BEACH, FL 32547

| Fee Description | Fee | Prior Paid | Due | Paid | Balance |
|---|---|---|---|---|---|
| CIRCUIT CIVIL FILING FEE | 400.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| SUMMONS SERVICE FEE CIRCUIT CIVIL | 20.00 | 0.00 | 20.00 | 20.00 | 0.00 |
| Total | 420.00 | 0.00 | 420.00 | 420.00 | 0.00 |
| Grand Total | 420.00 | 0.00 | 420.00 | 420.00 | 0.00 |

PAYMENTS

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| PORTAL | 131326185 | OK | 420.00 | 0.00 | 0.00 | 0.00 | 420.00 |
| | | | 420.00 | 0.00 | 0.00 | 0.00 | 420.00 |

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
OKALOOSA COUNTY, FLORIDA

CASE NO.:    2021-CA-002326 F

SHARON S. THOEMKE,

     Plaintiff,

vs.

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY

     Defendants.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF EMAIL ADDRESSES FOR SERVICE OF DOCUMENTS

COMES NOW, Joseph B. Stokes, III, Esquire, of SAALFIELD SHAD, P.A., and files this

Notice of Appearance as attorney of record in the above-captioned matter on behalf of the

Defendants, TARGET CORPORATION., d/b/a TARGET STORE NUMBER 740, and

STEPHEN KENNEDY.

Pursuant to Florida Rule of Judicial Administration 2.516(1)(A), Defendants hereby give

notice of the primary and secondary email addresses of its counsel as follows:

| | |
|---|---|
| Counsel's Name | Joseph B. Stokes, III |
| Primary Email Address: | jstokes@saalfieldlaw.com |
| Secondary Email Addresses: | llovein@saalfieldlaw.com;<br>khosea@saalfieldlaw.com |

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 9th day of August, 2021:

> **Jonathan D. Simpson, Esquire**
> **SIMPSON LAW FIRM**
> 1048 Mar Walt Drive
> Fort Walton Beach, FL 32547
> Primary Email: jd@simpsoninjurylaw.com
> Secondar Email: SLF-Team1@simpsoninjurylaw.com
> Telephone: 850-863-7777
> Facsimile: 850-862-7617
> *Attorneys for Plaintiff*

> **SAALFIELD SHAD, P.A.**
>
> /s/ Joseph B. Stokes, III
> _____
> **JOSEPH B. STOKES, III, ESQUIRE**
> Florida Bar Number: 897183
> Email (Primary) jstokes@saalfieldlaw.com
> Email (Secondary) llovein@saalfieldlaw.com;
> khosea@saalfieldlaw.com
> 245 Riverside Avenue, Suite 400
> Jacksonville, FL 32202
> 904-355-4401 (phone)
> 904-355-3503 (facsimile)
> *Attorneys for Defendants*

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
OKALOOSA COUNTY, FLORIDA

CASE NO.: 2021-CA-002326 F

SHARON S. THOEMKE,

      Plaintiff,

v.

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY,

      Defendants.

_____/

## NOTICE OF SERVICE OF DEFENDANT'S
## FIRST INTERROGATORIES TO PLAINTIFF SHARON S. THOEMKE

Defendant, TARGET CORPORATION, hereby gives notice that Defendant's

Interrogatories to Plaintiff, **SHARON S. THOEMKE**, numbered one (1) through twenty-eight

(28), have been served upon Plaintiff, c/o Jonathan D. Simpson, Esquire, by Electronic Mail.

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 11th day of August, 2021:

**Jonathan D. Simpson, Esquire**
**SIMPSON LAW FIRM**
1048 Mar Walt Drive
Fort Walton Beach, FL 32547
Primary Email: jd@simpsoninjurylaw.com
Secondar Email: SLF-Team1@simpsoninjurylaw.com
Telephone: 850-863-7777
Facsimile: 850-862-7617
*Attorneys for Plaintiff*

SAALFIELD SHAD, P.A.

/s/ Joseph B. Stokes, III
_____
**JOSEPH B. STOKES, III, ESQ.**
Florida Bar Number: 987183
Email (Primary): jstokes@saalfieldlaw.com
Email (Secondary): llovein@saalfieldlaw.com;
khosea@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
(904) 355-4401 (Phone)
(904) 355-3503 (Facsimile)
*Attorneys for Defendant*

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR OKALOOSA COUNTY, FLORIDA

CASE NO.: 2021-CA-002326 F

SHARON S. THOEMKE,

     Plaintiff,

v.

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY,

     Defendants.
_____/

## <u>DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF SHARON S. THOEMKE</u>

Defendant, TARGET CORPORATION, by and through its undersigned attorneys, hereby requests pursuant to Rule 1.350, Florida Rules of Civil Procedure, that Plaintiff, **SHARON S. THOEMKE**, produce and permit Defendant to inspect and copy each of the following documents:

1. Medical bills, including but not limited to doctors, hospitals and prescriptions arising out of the alleged injuries which are the subject of your Complaint.

2. Income tax returns for the years 2016 through 2020, including W-2 forms filed.

3. Hospital records concerning any and all hospitalizations arising out of the alleged injuries to Plaintiff which are in your or your attorney's possession, custody or control.

4. Medical records from any doctors, nurses or other health care providers who have seen and/or treated Plaintiff as a result of the alleged injuries pled in the Complaint.

5. Medical reports, opinions or other written memoranda from doctors, nurses or other health care providers, or expert witnesses containing information concerning the injuries and/or

damages allegedly sustained by Plaintiff which are in your or your attorney's possession, custody or control.

6.     Any and all photographs taken in relation to this incident.

7.     Any and all statements obtained in relation to this case.

8.     All documents which you anticipate you may utilize as exhibits in the trial of this matter.

9.     A copy of the front and back of all health insurance cards including Medicare, Medicaid, and/or private health insurance carriers in possession of the Plaintiff at the time of the accident and anytime thereafter.

10.     All documents and payment information made by third party/collateral source lien holders received by Plaintiff or Plaintiff's counsel in connection with the subject accident.

11.     All documents sent by Plaintiff's counsel to any collateral source lien holders advising them of the subject accident and/or putting said collateral source lien holder on notice.

12.     All documents sent by Plaintiff or received by Plaintiff in connection with any disability insurance in effect at the time of the subject accident.

13.     An original Consent to Release directed to Centers for Medicare & Medicaid Services (CMS) executed by Plaintiff. (Attached hereto).

14.     An original Consent for Release of Information directed to Social Security Administration executed by Plaintiff. (Attached hereto).

15.     An original Authorization for the Use and Disclosure of Protected Health Information directed to Florida Medicaid TPL Recovery Program executed by Plaintiff. (Attached hereto).

2

16.     An original Request for Copy of Tax Return IRS Form 4506 directed to the Internal Revenue Service executed by Plaintiff. (Attached hereto).

17.     Copies of all records related to any mental health treatment received by Plaintiff in the last ten (10) years, including but not limited to, psychologists, psychiatrists, counselors or therapists. This request specifically includes records of treatment for substance abuse, dependency or addiction.

18.     The shoes worn by the Plaintiff at the time of the incident alleged in Plaintiff's Complaint.

19.     The Target receipt for purchase(s) made on the date of the alleged incident.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 11th day of August, 2021:

**Jonathan D. Simpson, Esquire**
**SIMPSON LAW FIRM**
1048 Mar Walt Drive
Fort Walton Beach, FL 32547
Primary Email: jd@simpsoninjurylaw.com
Secondar Email: SLF-Team1@simpsoninjurylaw.com
Telephone: 850-863-7777
Facsimile: 850-862-7617
*Attorneys for Plaintiff*

                          **SAALFIELD SHAD, P.A.**

                          **/s/ Joseph B. Stokes, III**

                          _____
                          **JOSEPH B. STOKES, III, ESQ.**
                          Florida Bar Number: 987183
                          Email (Primary): jstokes@saalfieldlaw.com
                          Email (Secondary): llovein@saalfieldlaw.com;
                          khosea@saalfieldlaw.com

245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
(904) 355-4401 (Phone)
(904) 355-3503 (Facsimile)
***Attorneys for Defendant***

Form **4506**

(Novmeber 2020)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.
▶ Request may be rejected if the form is incomplete or illegible.
▶ For more information about Form 4506, visit *www.irs.gov/form4506*.

OMB No. 1545-0429

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See Form 4506-T, Request for Transcript of Tax Return, or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-80█████████

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

Saalfield Shad, P.A., 245 Riverside Avenue, Suite 400, Jacksonville, FL 32202, Telephone No.: 904-355-4401, Fax No.: 904-355-3503

**Caution:** If the tax return is being sent to the third party, ensure that lines 5 through 7 are completed before signing. (see instructions).

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____ 1040 _____

**Note:** If the copies must be certified for court or administrative proceedings, check here  .  .  .  .  .  .  .  .  .  .  . ☐

**7** **Year or period requested.** Enter the ending date of the tax year or period using the mm/dd/yyyy format (see instructions).

| 12 / 31 / 2020 | 12 / 31 / 2019 | 12 / 31 / 2018 | 12 / 31 / 2017 |
|---|---|---|---|
| 12 / 31 / 2016 | ___ / ___ / ___ | ___ / ___ / ___ | ___ / ___ / ___ |

**8** **Fee.** There is a $43 fee for each return requested. Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.

**a** Cost for each return  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  . $  43.00

**b** Number of returns requested on line 7  .  .  .  .  .  .  .  .  .  .  .  . 5

**c** Total cost. Multiply line 8a by line 8b  .  .  .  .  .  .  .  .  .  .  .  .  . $  215.00

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here  .  .  .  .  . ☑

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☑ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506.** See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

| Signature (see instructions) | Date |
|---|---|
| Print/Type name | Title (if line 1a above is a corporation, partnership, estate, or trust) |
| Spouse's signature | Date |
| Print/Type name | |

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**     Cat. No. 41721E     Form **4506** (Rev. 11-2020)

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506.*

## General Instructions

**Caution:** Do not sign this form unless all applicable lines, *including lines 5 through 7*, have been completed.

**Designated Recipient Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information received pursuant to the taxpayer's consent and holds the recipient subject to penalties for any unauthorized access, other use, or redisclosure without the taxpayer's express permission or request.

**Taxpayer Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information provided pursuant to your consent and holds the recipient subject to penalties, brought by private right of action, for any unauthorized access, other use, or redisclosure without your express permission or request.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request based on the address of your most recent return.

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
|---|---|
| Florida, Louisiana, Mississippi, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alabama, Arkansas, Delaware, Georgia, Illinois, Indiana, Iowa, Kentucky, Maine, Massachusetts, Minnesota, Missouri, New Hampshire, New Jersey, New York, North Carolina, Oklahoma, South Carolina, Tennessee, Vermont, Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alaska, Arizona, California, Colorado, Connecticut, District of Columbia, Hawaii, Idaho, Kansas, Maryland, Michigan, Montana, Nebraska, Nevada, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Washington, West Virginia, Wyoming | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Chart for all other returns

| For returns not in Form 1040 series, if the address on the return was in: | Mail to: |
|---|---|
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service Stop 6705 S-2 Kansas City, MO 64999 |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter the social security number (SSN) or individual taxpayer identification number (ITIN) for the individual listed on line 1a, or enter the employer identification number (EIN) for the business listed on line 1a. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address, or Form 8822-B,Change of Address or Responsible Party — Business, with Form 4506.

**Line 7.** Enter the end date of the tax year or period requested in mm/dd/yyyy format. This may be a calendar year, fiscal year or quarter. Enter each quarter requested for quarterly returns. Example: Enter 12/31/2018 for a calendar year 2018 Form 1040 return, or 03/31/2017 for a first quarter Form 941 return.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines, *including lines 5 through 7*, are completed before signing.

 *You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, section ████████ 09 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.



RON DESANTIS
GOVERNOR

MARY C. MAYHEW
SECRETARY

## Authorization for the Use and Disclosure of Protected Health Information

> **Federal law states that we cannot share an individual's health information without the individual's permission, except in certain situations. By signing this form, you are giving us permission to share the information you indicate below. If you decide later that you do not want us to share this information any more, you can revoke this authorization at any time in writing or sign the REVOCATION SECTION on the back of this form and return it to the Florida Medicaid TPL Recovery Program. This form must be completed and signed by the Medicaid recipient or by an individual who has the authority to act on the Medicaid recipient's behalf (parent of a minor, legal guardian, trustee, power of attorney, personal representative of the estate, grantor of an annuity).**

PLEASE COMPLETE THE FOLLOWING SECTIONS

1.  **Personal Information:**

    Medicaid Recipient's Name_____Date of Birth_____

    Medicaid ID Number_____Social Security Number_____

2.  **I give permission to the Agency for Health Care Administration (AHCA) and its contract representatives to share the health information listed below with the following:**

    Name of the Law Firm or Law Office  _Saalfield Shad, P.A., 245 Riverside Avenue, #400, Jacksonville, FL 32202_
    Name of the Insurance Company_____
    Other_____

3.  **Indicate the purpose for which the disclosure is to be made:**

    __XX__To substantiate Medicaid's lien relating to a lawsuit
    _____To substantiate Medicaid's claim against the estate or against a trust account or annuity
    __XX__ Other  _Litigation pending in the State of Florida_

4.  **Indicate the information that you want to be disclosed, related to the following (check one):**

    _____The Medicaid lien *relating to the injury or negligence* charges, for the period beginning with the date of incident.
    _____Medicaid's claim against the *estate*.
    _____The amount that is due Medicaid from the *trust account, [Please send a copy of the trust agreement]*.
    _____The amount that is due Medicaid from the *annuity account, [Please send a copy of the annuity agreement]*.
    __XX__Other, *[Please be specific]*.  _Paid Claims History_

5.  **Enter the specific date that you want this authorization to expire:  (i.e., one year from date of release)**_____
    (If you do not enter a date, this authorization will expire in five years.)

I understand that the information described above may be redisclosed by the person or group that I hereby give AHCA and its contract representatives permission to share my information with, and that my information would no longer be protected by the federal privacy regulations. Therefore, I release AHCA, its workforce members, and its contract representatives from all liability arising from the disclosure of my health information pursuant to this agreement. I understand that I may inspect or request copies of any information disclosed by this authorization if AHCA or its contract representatives initiated this request for disclosure. I understand that I may revoke this authorization by notifying AHCA through its contractor representatives, in writing, knowing that previously disclosed information would not be subject to my revocation request. I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment, payment or eligibility for benefits.

6.  **Recipient Signature**_____**Print Name**_____**Date**_____
    **OR**
    **Name of Legal Representative (Print)**_____**Relationship**_____

    **Signature of Legal Representative \***_____**Date**_____
    * If you are not the individual, but represent the individual, please attach a copy of the legal document that verifies that you are a representative (parent of a minor, legal guardian, trustee, power of attorney, personal representative of the estate, grantor of an annuity).

**INSTRUCTIONS FOR THE USE AND DISCLOSURE OF PROTECTED HEALTH INFORMATION**

1.  Complete the front of the form and return it to Florida Medicaid TPL Recovery Program, Post Office Box 12188, Tallahassee, Florida 32317-2188, Phone (toll-free) (877) 357-3268 or Fax (844) 845-8352.

2.  If the signer is a guardian, has a power of attorney or is an authorized representative, documentation of the representative's authority to act on the individual's behalf must be attached.  If an agency has custody of a child and a representative signs the release, include a copy of the custody order.

3.  Special kinds of health information have specific laws and rules that have to be followed before that information can be disclosed.

**HIV and Sexually Transmitted Diseases (STD):**  All information about HIV and sexually transmitted diseases is protected under federal and state laws and cannot be disclosed without your written authorization unless otherwise provided in the regulations.  To release HIV or STD information, this authorization must include a statement in the Information You Want Disclosed section of the specific HIV or STD information that you are giving permission to release.  Re-disclosure of HIV information is not allowed, except in compliance with law or with your written permission.

**Alcohol and Drug Treatment:**  Alcohol and/or drug treatment records are protected under federal and state laws and regulations and cannot be disclosed without your written authorization, unless otherwise provided for in federal and state laws or regulations.  To release alcohol and drug treatment information, this authorization must include a statement in the Information You Want Disclosed section of the specific information that you are giving permission to release, such as "assessment, treatment plan, attendance, discharge plan."  Re-disclosure of you alcohol and/or drug treatment records is not allowed, except in compliance with law or with your written permission.

**Mental Health Treatment:**  Mental health treatment records are protected under federal and state laws and regulations and cannot be disclosed without your written authorization, unless otherwise allowed in federal and state laws or regulations.  To release mental health treatment information, this authorization must include a statement in the Information You Want Disclosed section of the specific information that you are giving permission to release, such as "assessment, treatment plan, attendance, discharge plan." Also, disclosure of your therapist's own notes (psychotherapy notes) needs separate permission.  Re-disclosure of your mental health treatment records is prohibited, except in compliance with law or with your written permission.

4.  You will be provided with a copy of this form.

---

**REVOCATION SECTION**

To revoke your authorization, complete the following section and return the form to the Florida Medicaid TPL Recovery Program at the address given above.  (Use of this form to revoke your authorization is optional; however, you must submit your revocation request in writing.)

I no longer want my information shared.

Name_____Date of Birth_____

Street Address_____

City_____State_____Zip_____

If applicable, your Medicaid ID number_____

Signature_____Date_____
OR
Signature of Authorized Representative_____Date_____

Relationship of Authorized Representative_____

(Revised March 2019)

**Consent to Release**
**Liability Insurance (Including Self-Insurance), No-Fault Insurance,**
**or Workers' Compensation**

**Where to find Information on "Consent to Release" vs. "Proof of Representation"**

Please refer to the PowerPoint document on this website titled: "Rules and Model Language for 'Proof of Representation' vs. 'Consent to Release' for Medicare Secondary Payer Liability Insurance (Including Self-Insurance), No-Fault Insurance, or Workers' Compensation" for detailed information on

- **When to use a "consent to release" document vs. a "proof of representation" document,**
- Appropriate content for both documents,
- The need for appropriate documentation when there are two layers of representatives involved (examples: attorney 1 refers a case to attorney 2; the beneficiary's guardian hires an attorney to pursue a liability insurance claim) or when a beneficiary's representative signs a "consent to release" document on the beneficiary's behalf,
- What liability insurers (including self-insurers), no-fault insurers, and workers' compensation entities must have in order to obtain conditional payment information, and
- Use of agents by insurers' or workers' compensation.

**General**

A "consent to release" document is used by an individual or entity who does not represent the Medicare beneficiary but is requesting information regarding the beneficiary's conditional payment information. A "consent to release" does not authorize the individual or entity to act on behalf of the beneficiary or make decisions on behalf of the beneficiary.

**Model Language**

See attached. Use of the model language is not required, but any documentation submitted as a "Consent to Release" must include the information the model language requests.

**Where to Submit a " Consent to Release" document:**

**Liability Insurance, No-Fault Insurance, Workers' Compensation:**

**NGHP**
PO Box 138832
Oklahoma City, OK 73113
**Fax: (405) 869-3309**

MODEL LANGUAGE

## <u>CONSENT TO RELEASE</u>

The language below should be used when you, a Medicare beneficiary, want to authorize someone other than your attorney or other representative to receive information, including identifiable health information, from the Centers for Medicare & Medicaid Services (CMS) related to your liability insurance (including self-insurance), no-fault insurance or workers' compensation claim.

I, _____ (print your name exactly as shown on your Medicare card) hereby authorize the CMS, its agents and/or contractors to release, upon request, information related to my injury/illness and/or settlement for the specified date of injury/illness to the individual and/or entity listed below:

## <u>CHECK ONLY ONE OF THE FOLLOWING TO INDICATE WHO MAY RECEIVE INFORMATION AND THEN PRINT THE REQUESTED INFORMATION:</u>

(If you intend to have your information released to more than one individual or entity, you must complete a separate release for each one.)

☐ Insurance Company          ☐ Workers' Compensation Carrier          ☑ Other **Attorney**
                                                                                   (Explain)

Name of entity: **Saafield Shad, P.A.**

Contact for above entity: **Joseph B. Stokes, III**

Address: **245 Riverside Avenue**

Address Line 2: **Suite 400**

City/State/ZIP: **Jacksonville, FL 32202**

Telephone: **904-355-4401**

## <u>CHECK ONE OF THE FOLLOWING TO INDICATE HOW LONG CMS MAY RELEASE YOUR INFORMATION</u>

(The period you check will run from when you sign and date below.):

☑ One Year          ☐ Two Years          ☐ Other _____
                                                          (Provide a specific period of time)

I understand that I may revoke this "consent to release information" at any time, in writing.

## <u>MEDICARE BENEFICIARY INFORMATION AND SIGNATURE:</u>

Beneficiary Signature: _____          Date signed: _____

Note: If the beneficiary is incapacitated, the submitter of this document will need to include documentation establishing the authority of the individual signing on the beneficiary's behalf. Please visit https://go.cms.gov/cobro for further instructions.

Medicare ID (The number on your Medicare card.): _____

Date of Injury/Illness: _____

Social Security Administration

**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

## Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child, you may complete this form to release only the minor's non-medical records. We may charge a fee for providing information unrelated to the administration of a program under the Social Security Act.

**NOTE:** Do not use this form to:

- Request the release of medical records on behalf of a minor child. Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or

- Request detailed information about your earnings or employment history. Instead, complete and mail form SSA-7050-F4. You can obtain form SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

## How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "any and all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form. We may charge a fee to release information for non-program purposes.

- Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the requested information pertains.

- Fill in the name and address of the person or organization where you want us to send the requested information.

- Specify the reason you want us to release the information.

- Check the box next to the type(s) of information you want us to release including the date ranges, where applicable.

- For non-medical information, you, the parent or the legal guardian acting on behalf of a minor child or legally incompetent adult, must sign and date this form and provide a daytime phone number.

- If you are not the individual to whom the requested information pertains, state your relationship to that person. We may require proof of relationship.

## PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. We will use the information you provide to respond to your request for access to the records we maintain about you or to process your request to release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent. We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, the Privacy Act (5 U.S.C. § 552a(b)) permits us to disclose the information you provide on this form in accordance with approved routine uses, which include but are not limited to the following:

1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and or coverage;
2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level;
3. To comply with Federal laws requiring the disclosure of the information from our records; and,
4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. We use information from these matching programs to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of incorrect payments or overpayments under these programs. Additional information regarding this form, routine uses of information, and other Social Security programs is available on our Internet website, www.socialsecurity.gov, or at your local Social Security office.

## PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at** www.socialsecurity.gov. **Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TYY 1-800-325-0778).** You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. ***Send only comments relating to our time estimate to this address, not the completed form.***

Social Security Administration
**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*Signifies a required field. **Please complete these fields in case we need to contact you about the consent form).

**TO:  Social Security Administration**

| | | |
|---|---|---|
| *My Full Name | *My Date of Birth (MM/DD/YYYY) | *My Social Security Number |

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**

Joseph B. Stokes, III, Esq., c/o Saalfield Shad, P.A.

**\*ADDRESS OF PERSON OR ORGANIZATION:**

245 Riverside Avenue, Suite 400, Jacksonville, FL 32202

**\*I want this information released because:**   Litigation pending in the State of Florida.
We may charge a fee to release information for non-program purposes.

**\*Please release the following information selected from the list below:**
**Check at least one box. We will not disclose records unless you include date ranges where applicable.**

1. [ ] Verification of Social Security Number
2. [X] Current monthly Social Security benefit amount
3. [X] Current monthly Supplemental Security Income payment amount
4. [X] My benefit or payment amounts from date _01/01/2011_ to date _____
5. [ ] My Medicare entitlement from date _____ to date _____
6. [X] Medical records from my claims folder(s) from date _01/01/2011_ to date_____
   If you want us to release a minor child's medical records, do not use this form.  Instead, contact your local Social Security office.
7. [X] Complete medical records from my claims folder(s)
8. [X] Other record(s) from my file (We will not honor a request for "any and all records" or "the entire file." You must specify other records; e.g., consultative exams, award/denial notices, benefit applications, appeals, questionnaires, doctor reports, determinations.)

   Application for Benefits, doctor reports, Consultation Evaluation Reports, questionnaires, Determinations, appeals, Disability

   records/start date, and date of entitlement.

I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004) that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.

| | |
|---|---|
| **\*Signature:** | **\*Date:** |
| **\*\*Address:** | **\*\*Daytime Phone:** |
| **Relationship (if not the subject of the record):** | **\*\*Daytime Phone:** |

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

**Form SSA-3288** (11-2016) uf

Case 3:21-cv-01629-MCR-EMT   Document 1-1   Filed 10/21/21   Page 45 of 77

IN THE CIRCUIT COURT OF THE
1ST JUDICIAL CIRCUIT IN AND FOR
OKALOOSA COUNTY, FLORIDA

CASE NO. 2021 CA 002326 F

SHARON S. THOEMKE,

      Plaintiff,

v.

TARGET CORPORATION, d/b/a
TARGET STORE NUMBER 740, and
STEPHEN KENNEDY,

      Defendants.

_____/

### DEFENDANT, TARGET CORPORATION, D/B/A TARGET STORE NUMBER 740'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, **TARGET CORPORATION, D/B/A TARGET STORE NUMBER 740**, by

and through undersigned counsel, hereby answers Plaintiff's Complaint, and states as follows:

### JURISDICTIONAL ALLEGATIONS

1.      Admitted for jurisdictional purposes only, otherwise denied.

2.      Admitted that Target is a foreign corporation and operates a store in Okaloosa County,

       Florida, otherwise denied as phrased.

3.      Unknown, therefore Denied.

4.      Denied.

5.      Denied.

6.      Admitted Plaintiff alleges an incident occurred in the venue of Okaloosa County, Florida,

       otherwise denied.

1

## FACTUAL ALLEGATIONS

7.    Admitted that Target operated a business located at 250 Miracle Strip Parkway, Mary Esther, Florida 32569, otherwise denied.

8.    Admitted that Target operated a business located at 250 Miracle Strip Parkway, Mary Esther, Florida 32569, otherwise denied as phrased.

9.    Denied.

10.   Denied.

11.   Denied.

## COUNT I - NEGLIGENCE OF DEFENDANT TARGET

1-11.  Defendant reincorporates and realleges to Paragraphs 1 through 11 as if fully set forth herein.

12.   Denied.

13.   Denied.

14.   Denied.

15.   Denied.

16.   Denied.

## COUNT II - NEGLIGENCE OF DEFENDANT KENNEDY

1-11.  Defendant reincorporates and realleges to Paragraphs 1 through 11 as if fully set forth herein.

17-20. Paragraphs 17 through 20 are not directed to this Defendant, and therefore Defendant Target does not respond to these paragraphs. To the extent these paragraphs allege any negligence, liability or fault on the part of Defendant Target, either express vicariously or implied, they are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff, SHARON S. THOEMKE, was negligent, which negligence was the proximate or contributing cause of the injury and/or injuries. Therefore, any recovery in this action should be reduced on a pro rata basis based upon the degree of Plaintiff's negligence.

### Second Affirmative Defense

This Defendant is entitled to a set-off for any and all benefits received by the Plaintiff from any collateral source as defined by applicable Florida Statutes and case law.

### Third Affirmative Defense

The Plaintiff has failed to mitigate any damages in this case, which failure to mitigate should reduce Plaintiff's claim for damages in direct proportion thereto.

### Demand for Jury Trial

Defendant hereby demands trial by jury on all issues so triable.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 16th day of August, 2021:

**Jonathan D. Simpson, Esquire**
**SIMPSON LAW FIRM**
1048 Mar Walt Drive
Fort Walton Beach, FL 32547
Primary Email: jd@simpsoninjurylaw.com
Secondar Email: SLF-Team1@simpsoninjurylaw.com
Telephone: 850-863-7777
Facsimile: 850-862-7617
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**

---

**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
khosea@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
*Attorneys for Defendants*

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR OKALOOSA COUNTY, FLORIDA

CASE NO.: 2021-CA-002326 F

SHARON S. THOEMKE,

     Plaintiff,

v.

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY,

     Defendants.

_____/

## DEFENDANT'S NOTICE OF SERVING ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, TARGET CORPORATION, by and through the undersigned attorneys and pursuant to the applicable Florida Rules of Civil Procedure, hereby gives Notice of Serving Answers to Plaintiff's Interrogatories served July 27, 2021.

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 10th day of September, 2021:

> **Jonathan D. Simpson, Esquire**
> **SIMPSON LAW FIRM**
> 1048 Mar Walt Drive
> Fort Walton Beach, FL 32547
> Primary Email: jd@simpsoninjurylaw.com
> Secondar Email: SLF-Team1@simpsoninjurylaw.com
> Telephone: 850-863-7777
> Facsimile: 850-862-7617
> *Attorneys for Plaintiff*

> **SAALFIELD SHAD, P.A.**
>
> **/s/ Joseph B. Stokes, III**
> _____
> **JOSEPH B. STOKES, III, ESQ.**
> Florida Bar Number: 987183
> Email (Primary): jstokes@saalfieldlaw.com
> Email (Secondary): llovein@saalfieldlaw.com;
> khosea@saalfieldlaw.com
> 245 Riverside Avenue, Suite 400
> Jacksonville, Florida 32202
> (904) 355-4401 (Phone)
> (904) 355-3503 (Facsimile)
> *Attorneys for Defendants*

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
OKALOOSA COUNTY, FLORIDA

CASE NO.: 2021-CA-002326 F

SHARON S. THOEMKE,

      Plaintiff,

v.

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY,

      Defendants.

_____/

## **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

    Defendant, TARGET CORPORATION, by and through the undersigned attorneys and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby responds to Plaintiff's Request for Production, as follows:

1.    All insurance policies in their entirety and their declaration pages which reflect liability coverage available to the Defendant at the time of the subject collision, including but not limited to the following:

      a.  the automobile insurance policy for the motor vehicle involved in the subject collision.
      b.  the automobile insurance policy for any other motor vehicles in which you were a named insured on the date of the subject collision.
      c.  all excess, supplemental, business and umbrella policies.

    **RESPONSE: Defendant objects to producing excess carrier information, as the primary policy is more than enough to cover this alleged loss. Notwithstanding and without waiving said objection, the primary policy declaration page is attached.**

2.    Original counterparts, in color, of all photographs, videotapes, drawings, measurements, or other documentary evidence with respect to the following:

      a.  the road, surroundings, or general area where the subject collision happened, which depict any physical evidence pertaining to the subject collision
      b.  anything or anyone at the scene of the subject collision.
      c.  any person depicting injuries sustained in the subject collision.

      d.   any vehicle at the scene of the subject collision.

      e.   property damage sustained by any vehicle involved in the subject collision.

**RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.**

3.      All documents prepared by anyone as a result of tests, inspections or measurements made or taken with respect to the scene of the subject collision.

**RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.**

4.      All repair estimates, appraisals, invoices, statements, check stubs and receipts pertaining to the repair of any vehicle involved in the subject collision.

**RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.**

5.      All maintenance records pertaining to the vehicle driven by the defendant driver at the time of the subject collision for the two years prior to the subject collision.

**RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.**

6.      All inspection sheets or records for mechanical or safety inspections of the vehicle you were operating at the time of the subject collision or six months prior.

**RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.**

7.      Except that which may be outside the purview of privilege, all documents memorializing any statement (whether recorded, written, or transcribed) by and person describing any of the events or happenings involved in the subject collision, including but not limited to the following:

      a.   Any statement made by Plaintiff, or any of Plaintiffs agents or employees.

      b.   Any statement involving conversations between the Plaintiff and the Defendants or their agents or employees.

      c.   Any statement made by any witness or person who was present at the scene.

      d.   Any statement made by any person involved in the subject collision.

      e.   Any statement made by any of the parties to this suit.

**RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.  Defendant otherwise objects as this request seeks information protected by work product privilege.**

8.      Any recording, transcription and any other tangible evidence containing or describing any of the events or happenings involved in the subject collision.

**RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.  Defendant otherwise objects as this request seeks information protected by work product privilege.**

9.      Every driver's license issued to the defendant driver on the date of the subject collision, and any licenses issued thereafter through the present time and any and all amendments, renewals, or restrictions.

**RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.**

10.     The certificate of title, registration and any other documents evidencing ownership of the motor vehicle driven by the defendant driver at the time of the subject collision.

**RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.**

11.     Any video or other recording of the plaintiff in this action.

**RESPONSE:  Defendant objects to this request on the basis it is overly broad, vague, unduly burdensome, and seeks material prepared in anticipation of litigation that is work product.   See Defendant's Privilege Log.   Defendant further objects to producing its store video prior to the Plaintiff's deposition to prevent Plaintiff from tailoring her testimony to the video. Defendant is willing to produce its store video following the Plaintiff's deposition upon receipt of a mutually agreeable confidentiality agreement/protective order.**

12.     Any document reflecting payment of a fine, or a plea of guilty or nolo contendere to any traffic charge arising out of the subject collision.

**RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.**

13.     All tickets or citations received as a result of the subject collision by defendant, if any.

**RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.**

14.     Any document which provides the full account information, including the account number and address, of the cellular phone or mobile plan provider maintained by you at the time of the subject collision so that Plaintiff can issue a non-party subpoena for records in this case. If no such document is in Defendant's possession, provide the requested information above.

**RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.**

15.     Any document which reflects the usage activity (including but not limited to incoming calls, outgoing calls, text messages, and any other form of data usage) of the cellular phone or mobile plan provider maintained by you at the time of the subject collision. This request is limited to 1 hour before and after the subject collision.

        **RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.**

16.     Any document which reflects the usage activity (including but not limited to incoming calls, outgoing calls, text messages, and any other form of data usage) of the cellular phone or mobile plan provider maintained by you at the time of the subject collision. This request is limited to the moments immediately preceding and following the subject collision, including at the time of the subject collision itself.

        **RESPONSE:  Not applicable as the present case does not include a vehicle, driving or a collision.**

17.     Any document which reflects the usage activity of any social media account, or other mobile application, maintained by you at the time of the subject collision. This request is limited to 1 hour before and after the subject collision.

        **RESPONSE: Not applicable as Defendant Target Corporation is a business entity and irrelevant as the present case does not include a vehicle, driving or a collision.**

18.     Any document which reflects the usage activity of any social media account, or other mobile application, maintained by you at the time of the subject collision. This request is limited to the moments immediately preceding and following the subject collision, including at the time of the subject collision itself.

        **RESPONSE: Not applicable as Defendant Target Corporation is a business entity and irrelevant as the present case does not include a vehicle, driving or a collision.**

19.     Any reports, studies, and commentaries, including factual observations and opinions, which have been prepared by your expert. If you contend any such document is privileged, identify the document (name the author and describe the document, i.e., medical report) and the privilege relied upon.

        **RESPONSE:  None.**

20.     All reports from any accident investigators or reconstruction experts or engineers.

        **RESPONSE:  Defendant objects to this request on the basis it seeks material prepared in anticipation of litigation that is work product. See Defendant's Privilege Log.**

21.     Any incident reports, accident/crash reports or other reports in your possession relating to any investigation made because of the subject collision described in Plaintiffs Complaint.

>  **RESPONSE:  Defendant objects to this request on the basis it seeks material prepared in anticipation of litigation that is work product. See Defendant's Privilege Log.  Also, please see attached Guest Incident Report.**

22.  Any medical or employment records you have obtained relating to the Plaintiff.

>  **RESPONSE:  None.**

23.  Any electronic data or print out of any electronic data from any on board "black box" or other data storage or recovery system in the vehicle operated by Defendant at the time of the subject collision.

>  **RESPONSE: Not applicable as the present case does not include a vehicle, driving or a collision.**

24.  Except that which may be outside the purview of privilege, any document or tangible thing in your possession, which tends to establish that you were not at fault for the subject collision.

>  **RESPONSE: Not applicable as the present case does not include a vehicle, driving or a collision.  Defendant otherwise objects as this request seeks information protected by work product privilege.**

25.  Except that which may be outside the purview of privilege, all documents which provide factual or legal support for each denial asserted and each affirmative defense raised in your Answer.

>  **RESPONSE:  Defendant objects to this interrogatory as vague, confusing, ambiguous, irrelevant, and not reasonably limited in time or scope.  Defendant otherwise objects as this request seeks information protected by work product privilege.**

26.  All documents identified, directly or indirectly, in your answers to Interrogatories.

>  **RESPONSE:  Defendant objects to this interrogatory as vague, confusing, ambiguous, irrelevant, and seeks material prepared in anticipation of litigation that is work product.  Because this request is inherently overly broad, a privilege log would be premature at this time.  *See, e.g., Gosman v. Luzinski*, 937 So. 2d 293, 296 (Fla. 4th DCA 2006).**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 10th day of September, 2021:

> **Jonathan D. Simpson, Esquire**
> **SIMPSON LAW FIRM**
> 1048 Mar Walt Drive
> Fort Walton Beach, FL 32547
> Primary Email: jd@simpsoninjurylaw.com
> Secondar Email: SLF-Team1@simpsoninjurylaw.com
> Telephone: 850-863-7777
> Facsimile: 850-862-7617
> *Attorneys for Plaintiff*

> **SAALFIELD SHAD, P.A.**
>
> **/s/ Joseph B. Stokes, III**
> _____
> **JOSEPH B. STOKES, III, ESQ.**
> Florida Bar Number: 987183
> Email (Primary): jstokes@saalfieldlaw.com
> Email (Secondary): llovein@saalfieldlaw.com;
> khosea@saalfieldlaw.com
> 245 Riverside Avenue, Suite 400
> Jacksonville, Florida 32202
> (904) 355-4401 (Phone)
> (904) 355-3503 (Facsimile)
> *Attorneys for Defendants*

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR OKALOOSA COUNTY, FLORIDA

CASE NO.: 2021-CA-002326 F

SHARON S. THOEMKE,

     Plaintiff,

v.

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY,

     Defendants.

_____/

## DEFENDANT'S PRIVILEGE LOG IN RESPONSE
## TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, TARGET CORPORATION, by and through the undersigned attorneys, hereby

files its Privilege Log in response to Plaintiff's Request for Production, as follows:

11.    Any video or other recording of the plaintiff in this action.

    **RESPONSE: Defendant's counsel is in possession limited store surveillance video for the day of the alleged incident.**

20.    All reports from any accident investigators or reconstruction experts or engineers.

    **RESPONSE: Defendant's counsel is in possession of 1 page LOD Investigation Report prepared by Executive Team Lead Raymond Cordero on October 26, 2020.**

21.    Any incident reports, accident/crash reports or other reports in your possession relating to any investigation made because of the subject collision described in Plaintiffs Complaint.

    **RESPONSE: Defendant's counsel is in possession of 1 page LOD Investigation Report prepared by Executive Team Lead Raymond Cordero on October 26, 2020.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 10th day of September, 2021:

> **Jonathan D. Simpson, Esquire**
> **SIMPSON LAW FIRM**
> 1048 Mar Walt Drive
> Fort Walton Beach, FL 32547
> Primary Email: jd@simpsoninjurylaw.com
> Secondar Email: SLF-Team1@simpsoninjurylaw.com
> Telephone: 850-863-7777
> Facsimile: 850-862-7617
> *Attorneys for Plaintiff*

> **SAALFIELD SHAD, P.A.**
>
> **/s/ Joseph B. Stokes, III**
> _____
> **JOSEPH B. STOKES, III, ESQ.**
> Florida Bar Number: 987183
> Email (Primary): jstokes@saalfieldlaw.com
> Email (Secondary): llovein@saalfieldlaw.com;
> khosea@saalfieldlaw.com
> 245 Riverside Avenue, Suite 400
> Jacksonville, Florida 32202
> (904) 355-4401 (Phone)
> (904) 355-3503 (Facsimile)
> *Attorneys for Defendants*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

SHARON S. THOEMKE,

      Plaintiff,

vs.                                                                        Case No.: 2021 CA 002326 F

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY,

      Defendants.

_____/

## PLAINTIFF'S MOTION TO ENLARGE TIME TO RESPOND TO DISCOVERY

Plaintiff, by and through the undersigned counsel, pursuant to Fla. R. Civ. P. 1.090(b), moves to enlarge the time to respond to the discovery filed by the Defendant, TARGET CORPORATION, and as grounds states as follows:

1.     On August 11, 2021, Defendant filed their Interrogatories and Request for Production to Plaintiff.

2.     The above discovery is due September 10, 2021. However, due to circumstances beyond our control, counsel for Plaintiff has not yet had the opportunity to fully and adequately meet and confer with Plaintiff for the purpose of reviewing and finalizing the discovery responses.

3.     Rule 1.090(b), provides:

    Enlargement. When an act is required or allowed to be done at or within a specified time by Order of Court, by these Rules, or by notice given thereunder, for cause shown the Court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous Order…

4.     Under Rule 1.090(b), the Plaintiff is hereby requesting an enlargement of time to respond to each of the discovery requests identified above.

1

WHEREFORE, Plaintiff respectfully requests an extension of time within which to respond to the discovery requests served upon Plaintiff. Plaintiff further requests all other relief to which she may be entitled.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2021, a true and correct copy of the foregoing was filed electronically with the Okaloosa County Clerk of Court using the Florida Courts E-Filing Portal, which will send notice of electronic filing and a copy by e-mail to the following designated service e-mail addresses: **Joseph B Stokes III, Esq.:** jstokes@saalfieldlaw.com llovein@saalfieldlaw.com khosea@saalfieldlaw.com.

/s/ John J. Mills
John J. Mills
Florida Bar No. 1028016
SIMPSON LAW FIRM
1048 Mar Walt Drive
Fort Walton Beach, FL 32547
(850) 863-7777 Phone
(850) 862-7617 Fax
primary: jj@simpsoninjurylaw.com
secondary: SLF-Team1@simpsoninjurylaw.com
Attorneys for Plaintiff

2

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

SHARON S. THOEMKE,

      Plaintiff,

vs.                                  Case No.: 2021 CA 002326 F

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY,

      Defendants.

_____/

**NOTICE OF SERVICE OF ANSWERS TO DEFENDANT'S FIRST**
**INTERROGATORIES TO PLAINTIFF, SHARON S. THOEMKE**

    COMES NOW the Plaintiff, Sharon S. Thoemke, by and through the undersigned attorney,

and pursuant to Fla. R. Civ. P., 1.340, gives notice of the service of answers to Defendant's First

Set of Interrogatories to Plaintiff numbered 1 through 28.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 23rd day of September, 2021, a true and correct copy of
the foregoing was filed electronically with the Okaloosa County Clerk of Court using the Florida
Courts E-Filing Portal, which will send notice of electronic filing and a copy by e-mail to the
following designated service e-mail addresses: **Joseph B Stokes III, Esq.**:
jstokes@saalfieldlaw.com llovein@saalfieldlaw.com khosea@saalfieldlaw.com.

                                   */s/ John J. Mills*
                                   John J. Mills
                                   Florida Bar No. 1028016
                                   SIMPSON LAW FIRM
                                   1048 Mar Walt Drive
                                   Fort Walton Beach, FL 32547
                                   (850) 863-7777 Phone
                                   (850) 862-7617 Fax
                                   primary: jj@simpsoninjurylaw.com
                                   secondary: SLF-Team1@simpsoninjurylaw.com
                                   Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

SHARON S. THOEMKE,

      Plaintiff,

vs.                                     Case No.: 2021 CA 002326 F

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY,

      Defendants.

_____/

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF, SHARON S. THOEMKE

COMES NOW the Plaintiff, by and through the undersigned counsel, and pursuant to the Florida Rules of Civil Procedure, hereby replies to Defendant's Request for Production:

1.     Medical bills, including but not limited to doctors, hospitals and prescriptions arising out of the alleged injuries which are the subject of your Complaint.

**RESPONSE:**

**All responsive documents in Plaintiff's possession at the present time are attached.**

2.     Income tax returns for the years 2016 through 2020, including W-2 forms filed.

**RESPONSE:**

**None in Plaintiff's possession at the present time.**

3.     Hospital records concerning any and all hospitalizations arising out of the alleged injuries to Plaintiff which are in your or your attorney's possession, custody or control.

**RESPONSE:**

**All responsive documents in Plaintiff's possession at the present time are attached.**

4.      Medical records from any doctors, nurses or other health care providers who have seen and/or treated Plaintiff as a result of the alleged injuries pled in the Complaint.

**RESPONSE:**

**All responsive documents in Plaintiff's possession at the present time are attached.**

5.      Medical reports, opinions or other written memoranda from doctors, nurses or other health care providers, or expert witnesses containing information concerning the injuries and/or damages allegedly sustained by Plaintiff which are in your or your attorney's possession, custody or control.

**RESPONSE:**

**All responsive documents in Plaintiff's possession at the present time are attached.**

6.      Any and all photographs taken in relation to this incident.

**RESPONSE:**

**All responsive documents in Plaintiff's possession at the present time are attached.**

7.      Any and all statements obtained in relation to this case.

**RESPONSE:**

**All responsive documents in Plaintiff's possession at the present time are attached**

8.      All documents which you anticipate you may utilize as exhibits in the trial of this matter.

**RESPONSE:**

**None in Plaintiff's possession at the present time other than medical records reflecting Plaintiff's injuries which are produced herewith.**

9.      A copy of the front and back of all health insurance cards including Medicare, Medicaid, and/or private health insurance carriers in possession of the Plaintiff at the time of the accident and anytime thereafter.

**RESPONSE:**

**All responsive documents in Plaintiff's possession at the present time are attached.**

10.     All documents and payment information made by third party/collateral source lienholders received by Plaintiff or Plaintiff's counsel in connection with the subject accident.

**RESPONSE:**

**All responsive documents in Plaintiff's possession at the present time are attached.**

11.     All documents sent by Plaintiff's counsel to any collateral source lien holders advising them of the subject accident and/or putting said collateral source lien holder on notice.

**RESPONSE:**

**All responsive documents in Plaintiff's possession at the present time are attached.**

12.     All documents sent by Plaintiff or received by Plaintiff in connection with any disability insurance in effect at the time of the subject accident.

**RESPONSE:**

**None.**

13.     An original Consent to Release directed to Centers for Medicare & Medicaid Services (CMS) executed by Plaintiff. (Attached hereto).

**RESPONSE:**

**Objection to providing blanket authorizations without first attempting to obtain these records in the course of normal discovery permitted under the Rules of Procedure, and on the basis outlined in Rojas v. Ryder Truck Rental, Inc., 641 So. 2d 855 (Fla. 1994).**

14.     An original Consent for Release of Information directed to Social Security Administration executed by Plaintiff. (Attached hereto).

**RESPONSE:**

**Objection to providing blanket authorizations without first attempting to obtain these records in the course of normal discovery permitted under the Rules of Procedure, and on the basis outlined in Rojas v. Ryder Truck Rental, Inc., 641 So. 2d 855 (Fla. 1994).**

15.     An original Authorization for the Use and Disclosure of Protected Health Information directed to Florida Medicaid TPL Recovery Program executed by Plaintiff. (Attached hereto).

**RESPONSE:**

**Objection to providing blanket authorizations without first attempting to obtain these records in the course of normal discovery permitted under the Rules of Procedure, and on the basis outlined in Rojas v. Ryder Truck Rental, Inc., 641 So. 2d 855 (Fla. 1994).**

16.     An original Request for Copy of Tax Return IRS Form 4506 directed to the InternalRevenue Service executed by Plaintiff. (Attached hereto).

**RESPONSE:**

**Objection to providing blanket authorizations without first attempting to obtain these records in the course of normal discovery permitted under the Rules of Procedure, and on the basis outlined in Rojas v. Ryder Truck Rental, Inc., 641 So. 2d 855 (Fla. 1994).**

17.     Copies of all records related to any mental health treatment received by Plaintiff in the last ten (10) years, including but not limited to, psychologists, psychiatrists, counselors or therapists. This request specifically includes records of treatment for substance abuse, dependency or addiction.

**RESPONSE:**

**None in Plaintiff's possession at the present time.**

18.     The shoes worn by the Plaintiff at the time of the incident alleged in Plaintiff's Complaint.

**RESPONSE:**

**None in Plaintiff's possession at the present time.**

19.     The Target receipt for purchase(s) made on the date of the alleged incident.

**RESPONSE:**

**All responsive documents in Plaintiff's possession at the present time are attached.**


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of September, 2021, a true and correct copy of the foregoing was filed electronically with the Okaloosa County Clerk of Court using the Florida Courts E-Filing Portal, which will send notice of electronic filing and a copy by e-mail to the following designated service e-mail addresses: **Joseph B Stokes III, Esq.**: jstokes@saalfieldlaw.com llovein@saalfieldlaw.com khosea@saalfieldlaw.com.

/s/ John J. Mills _____
John J. Mills
Florida Bar No. 1028016
SIMPSON LAW FIRM
1048 Mar Walt Drive
Fort Walton Beach, FL 32547
(850) 863-7777 Phone
(850) 862-7617 Fax
primary: jj@simpsoninjurylaw.com
secondary: SLF-Team1@simpsoninjurylaw.com
Attorneys for Plaintiff

Filing # 137001784 E-Filed 10/21/2021 11:34:47 AM

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
OKALOOSA COUNTY, FLORIDA

CASE NO.:    2021-CA-002326 F

SHARON S. THOEMKE,

     Plaintiff,

vs.

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY

     Defendants.

_____/

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendant, Target Corporation, by and through its undersigned attorneys, and pursuant to

28 U.S.C. §1332, §1441, and §1446, hereby gives notice that it has this date filed with the U.S.

District Court for the Northern District of Florida, Pensacola Division, a Notice of Removal.  A

copy of the Notice of Removal (without Exhibits) is attached hereto as Exhibit "A."

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 21st day of October, 2021:

**Jonathan D. Simpson, Esquire**
**SIMPSON LAW FIRM**
1048 Mar Walt Drive
Fort Walton Beach, FL 32547
Primary Email: jd@simpsoninjurylaw.com
Secondar Email: SLF-Team1@simpsoninjurylaw.com
Telephone: 850-863-7777
Facsimile: 850-862-7617
*Attorney for Plaintiff*

SAALFIELD SHAD, P.A.

/s/ Joseph B. Stokes, III
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
khosea@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
***Attorney for Defendants***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHARON S. THOEMKE,                                CASE NO:

     Plaintiff,

vs.

TARGET CORPORATION,
d/b/a TARGET STORE NUMBER 740,
and STEPHEN KENNEDY

     Defendants.
_____/

## DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

Defendant Target Corporation (hereinafter "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1446, files with this Court a Notice of Removal of the above-captioned matter from the First Judicial Circuit, in and for Okaloosa County, Florida.   In support of the removal of this action, Defendant states as follows:

1.    Plaintiff Sharon Thoemke has filed a civil action in the Circuit Court, First Judicial Circuit, in and for Okaloosa County, Florida, Case No. 2021-CA-002326 F, for claimed injuries allegedly due to an incident in which Ms. Thoemke allegedly tripped and fell on the Defendant's premises on October 26, 2020 in Okaloosa County, Florida. True and correct copies of all process and pleadings



EXHIBIT
A

served by or upon Defendant, as provided by 28 U.S.C. § 1446(a), are attached hereto as Exhibit "A".

2.     Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

3.     At the time of the incident alleged in Plaintiff's Complaint, Plaintiff was a citizen and resident of Collier County, Florida. (See Plaintiff's Answers to Defendant's Interrogatories, attached hereto as Exhibit "B".)

4.     Defendant Target Corporation, at all relevant times, has been a domiciliary of the State of Minnesota, is incorporated in Minnesota, and has its principal place of business in Minnesota.

5.     Defendant, Stephen Kennedy, has not yet been served with Plaintiff's Complaint. Thus, his alleged citizenship should be ignored for diversity jurisdiction purposes. See Masterson v. Apotex, Corp., 07-61665-CIV, 2008 WL 2047979, at *2 (S.D. Fla. May 13, 2008) (finding that only the citizenship of properly joined and served defendants at the time of removal should be considered for diversity jurisdiction).

6.     Nonetheless, and contrary to Plaintiff's allegations, Mr. Stephen Kennedy is not a resident of Florida and has not worked at the subject Target since 2006. Instead, Mr. Kennedy is a resident of Louisiana, where he has resided since 2010. See Affidavit of Stephen Kennedy, attached hereto as Exhibit "C". Thus, Mr.

Kennedy is a diverse citizen, and his citizenship does not defeat removal. Moreover, and although not required for removal as he has not yet been served in this matter, Mr. Kennedy consents to this removal.

7.    In any event, Mr. Kennedy has been fraudulently joined as a Defendant in this matter. Absent this fraudulent joinder, complete diversity exists between the Plaintiff and Defendant, Target Corporation. Mr. Kennedy has no individual liability for Plaintiff's personal injuries, and he is an improper Defendant. There is no possibility the Plaintiff can establish a claim against him. The fraudulent joinder doctrine provides an exception to the citizenship requirement of removal jurisdiction. Allen v. Monsanto Co., 2009 WL 426546 (N.D. Fla. 2009)(citing Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). A plaintiff cannot defeat removal by joining a non-diverse defendant having no real connection with the controversy. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). The fraudulent joinder determination must be based on the Plaintiff's pleadings at the time of removal, which may be supplemented by affidavits and deposition transcripts. Partners for Pets, Inc. v. Southern Owners Insurance Co., 2019 WL 8063984 (N.D. Fla. 2019)(citing Pacheco de Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998)). If a defendant is fraudulently joined, its citizenship is not considered in determining whether complete diversity exists. Russell Petroleum Corp. v. Environ Prods., Inc., 333 F.Supp.2d 1228, 1231 (M.D. Ala. 2004). An

affidavit by Mr. Kennedy establishing that he had no real connection with this incident is attached hereto as Exhibit "C."

8.    It is well-established under Florida law that an officer "does not incur personal liability for [the corporations] torts merely by reason of [the officer]'s official character." Orlovsky v. Solid Surf, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).  To be individually liable, a corporate official must have committed or participated in the tort. White v. Wal-Mart Stores, Inc., 918 So. 2d 367, 358 (Fla. 1st DCA 2005)("The law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort.") There have been numerous cases where the non-diverse manager was fraudulently joined and removal was found to be proper. See Roland v. Waffle House, Inc., 2018 WL 6715513 (N.D. Fla. 2018)(finding Waffle House manager, a non-diverse citizen, was fraudulently joined when manager was not working or present in the restaurant at the time of the plaintiff's incident, did not personally participate in incident giving rise to plaintiff's injury, and had no personal knowledge of the incident); see also Accordino v. Wal-Mart Stores East, LP, 2005 WL 3336503 (M.D. Fla. Dec. 8, 2005)(where plaintiff in a slip and fall case fraudulently joined a store manager and the Court denied Plaintiff's Motion to Remand because there was no evidence the defendant personally participated in the alleged tortious act in his individual capacity); Kimmons v. IMC Fertilizer, Inc., 844 F. Supp. 738, 739, 740 (M.D. Fla.

1994)(concluding that non-diverse manager of a corporation was not liable to plaintiff where manager did not personally participate in events giving rise to plaintiff's accident and was not present at accident site at time of plaintiff's injury); McElveen v. Peeler, 544 So. 2d 270, 271-72 (Fla. 1st DCA 1989)(finding personal participation in tortious act a prerequisite for imposing liability upon individual corporate officers or agents and rejecting liability based solely on general administrative responsibility.)

9.    Defendant contends that Plaintiff's claim against Mr. Kennedy has no reasonable basis in Florida law. Plaintiff cannot state a claim against Mr. Kennedy under Florida law unless he had a personal duty towards the Plaintiff, breach of which specifically caused the Plaintiff's alleged damages. See McElveen, 544 So. 2d at 272.  In this case, Mr. Kennedy has not worked at the store where Plaintiff alleges she fell since 2006. Thus, he had no responsibility to maintain the area where Plaintiff alleges she fell on October 26, 2020. Moreover, Mr. Kennedy was not present in the area of the accident when it occurred as he has lived in Louisiana since 2010. He has no personal knowledge of the alleged conditions surrounding Plaintiff's injuries. For this reason, he had no personal involvement in the events that led up to the Plaintiff's alleged accident.

10.    The Complaint alleges the damages "exceed Thirty Thousand Dollars ($30,000.00)." (Complaint ¶1). Plaintiff's claimed damages include:  pain and

suffering, disability, disfigurement, aggravation of pre-existing condition, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, surgery, medical care and treatment, and rehabilitative treatment, and past lost wages, loss of future earnings, and loss of ability to earn money. (Complaint ¶ 10). Plaintiff claims these losses are either permanent or continuing and will continue to be suffered in the future. (*Id.*)

11.     Defendant served Interrogatories on Plaintiff on August 11, 2021. Her responses were received on September 23, 2021. (See Exhibit "B".) In her answers to Defendant's Interrogatories, number 11, the Plaintiff is alleging injuries to her right knee and left wrist. For said injuries, in her answer to Defendant's Interrogatories, number 12, Plaintiff responds, "to the extent this question requests that I identify a specific amount for economic damages, my past medical expenses which are known at this time are itemized below . . . ":

| | |
|---|---:|
| Okaloosa County EMS | $869.00 |
| Fort Walton Beach Medical Center | $133,618.00 |
| Thomasville Emergency Phys, LLC | $836.00 |
| Emerald Coast Sports Medicine | $2,260.00 |
| Emerald Coast Surgery Center | $5,017.00 |
| Orthocollier: A Division of Neuroscience and Spine | $1,224.00 |
| **TOTAL** | **$142,988.00** |

*See* Exhibit B, Number 12.

12.     Plaintiff further advises in her answer to Defendant's Interrogatories, number 12, that she is seeking economic damages in the form of lost wages, future

medical expenses, and loss of earning capacity, and is also seeking non-economic damages in an amount that is fair and just. *Id.*

13.    Additionally, in response to Defendant's Interrogatory number 13, which asks if Plaintiff is alleging lost income, benefits or earning capacity in the past or future, Plaintiff states she "is gathering the information needed to make a specific wage loss claim" and that she "expect[s] this injury to affect [her] earning capacity." *Id.*, Number 13.

14.    Although Plaintiff does not allege an exact monetary amount as to lost income, benefits or earning capacity in the past or future, based on the Plaintiff's claimed past medical expenses alone, the amount in controversy in this case is well above the $75,000 jurisdictional threshold.

15.    Defendant has filed this Notice of Removal within thirty (30) days of service of Plaintiff's responses to Defendant's Interrogatories on September 23, 2021. Therefore, this Notice of Removal is timely.

16.    Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this removal to all parties and has filed a copy of this Notice of Removal in the Circuit Court, First Judicial Circuit, in and for Okaloosa County, Florida.

17.    The United States District Court for the Northern District of Florida, Pensacola Division, encompasses the location of the State Court action.   Thus,

Defendant may properly remove the State Court action to this District Court pursuant to 28 U.S.C. §1441(a).

18.    The amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties. Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

19.  Pursuant to the rules of this Court, Defendant has submitted the $400.00 filing fee.

WHEREFORE, the Defendant respectfully requests that this Court accept the removal of this action from the Circuit Court, First Judicial Circuit, in and for Okaloosa County, Florida.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 21st day of October, 2021:

**Jonathan D. Simpson, Esquire**
**SIMPSON LAW FIRM**
1048 Mar Walt Drive
Fort Walton Beach, FL 32547
Primary Email: jd@simpsoninjurylaw.com
Secondar Email: SLF-Team1@simpsoninjurylaw.com
Telephone: 850-863-7777
Facsimile: 850-862-7617
*Attorney for Plaintiff*

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**

**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
khosea@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
*Attorney for Defendants*